STATE of Wisconsin, Plaintiff,

v.

Carl Davis BROWN, Jr., Defendant.

Court of Appeals

*No. 2008XX702–CR. Submitted on memoranda April 30, 2009.
—Decided October 14, 2009.*

2009 WI App 169

(Also reported in 776 N.W.2d 269.)

On behalf of the defendant, the cause was submitted on the motion of Attorney *Paul G. Bonneson*, of Milwaukee.

On behalf of the plaintiff, the cause was submitted on the response of *James M. Freimuth*, assistant attorney general.

A memorandum on behalf of the State Public Defender's Office Appellate Division was submitted by assistant state public defender *Colleen Ball*, of Milwaukee.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. PER CURIAM. The circuit court appointed appellate counsel for Carl Davis Brown, Jr. Appellate counsel moved this court for leave to file a no-merit report. *See Anders v. California*, 386 U.S. 738 (1967). We directed the State and the Office of the State Public Defender to file memoranda addressing counsel's mo-

tion.[1] We now hold that appellate counsel appointed by the circuit court may use the no-merit procedure set out in WIS. STAT. RULE 809.32 (2007–08).[2]

## BACKGROUND

¶ 2. The State charged Brown with one count of possession with intent to deliver a controlled substance and one count of possession of a firearm by a felon. Brown retained private counsel, and he eventually entered guilty pleas to both charges. The circuit court imposed two consecutive six-year sentences, each bifurcated as three years of initial confinement and three years of extended supervision.

¶ 3. Brown filed a notice of intent to seek postconviction relief, and he requested that the state public defender appoint counsel because his "financial circumstances have materially deteriorated." The state public defender found Brown financially ineligible for appointed counsel under agency guidelines. Brown then filed a motion asking the circuit court to appoint postconviction and appellate counsel at county expense. The circuit court granted the motion, finding Brown impoverished and unable to afford an attorney "despite the determination made by the State Public Defender."

¶ 4. Appointed counsel pursued sentence modification on Brown's behalf. The circuit court denied relief. Thereafter, counsel concluded that the case presented no arguably meritorious appellate issues. Accordingly, counsel seeks leave to file a no-merit report in this court.

---

[1] The court appreciates the memoranda submitted by the State and the Office of the State Public Defender addressing the issues raised in this matter.

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

## DISCUSSION

¶ 5. "[T]he right to counsel is guaranteed on the first appeal as of right." *State ex rel. Flores v. State*, 183 Wis. 2d 587, 604, 516 N.W.2d 362 (1994). The constitutional mandate of equality and fairness requires that appointed appellate counsel act in the role of advocate. *Anders*, 386 U.S. at 744. In that role, appointed counsel has the obligation to "support his client's appeal to the best of his ability." *Id.* When counsel concludes that an appeal would be frivolous, however, counsel must so advise the client. *Flores*, 183 Wis. 2d at 606. If the indigent defendant does not accept this assessment, the attorney may move the appellate court for leave to withdraw, but "in order to protect indigent defendants' constitutional right to appellate counsel, courts must safeguard against the risk of granting such requests in cases where the appeal is not actually frivolous." *Smith v. Robbins*, 528 U.S. 259, 264 (2000).

¶ 6. The Supreme Court has not mandated the use of one specific procedure for safeguarding the right to appellate counsel while resolving frivolous appeals. *Id.* at 265. Wisconsin provides a constitutionally sufficient procedural mechanism in Wis. Stat. Rule 809.32. *See McCoy v. Court of Appeals*, 486 U.S. 429, 430–31 and n.1 (1988). The Rule sets out various requirements and deadlines for appellate counsel and the defendant to enable appellate review of potential claims when counsel believes an appeal would lack merit. As relevant here, the Rule provides:

> If an attorney appointed under s. 809.30(2)(e) or ch. 977 concludes that a direct appeal on behalf of the person would be frivolous and without any arguable merit within the meaning of *Anders v. California*, 386

U.S. 738 (1967), and the person requests that a no-merit report be filed or declines to consent to have the attorney close the file without further representation by the attorney, the attorney shall file with the court of appeals . . . a no-merit report.

RULE 809.32(1)(a).

¶ 7. The statutes referenced in WIS. STAT. RULE 809.32(1)(a), relate to the appointment of counsel by the state public defender. Thus, pursuant to Rule 809.32(1)(a), an attorney appointed by the state public defender may file a no-merit report using the statutory scheme set out in RULE 809.32. Brown's appellate counsel seeks to use the statutory procedure on Brown's behalf even though the circuit court and not the state public defender appointed counsel for Brown. We agree that counsel may do so.

¶ 8. First, nothing in WIS. STAT. RULE 809.32 bars its use to protect the appellate rights of indigent defendants who are represented by court-appointed appellate counsel. Indeed, the Supreme Court viewed RULE 809.32 as relevant to the obligations of court-appointed attorneys. *See McCoy*, 486 U.S. at 430–31 (holding that RULE 809.32 is constitutional and stating that the issue before the court "concerns the scope of court-appointed appellate counsel's duty to an indigent client after counsel has conscientiously determined that the indigent's appeal is wholly frivolous").

¶ 9. Second, we have previously determined that appellate counsel may file no-merit reports in types of litigation where some of the procedural components in WIS. STAT. RULE 809.32 are inapplicable. *See Brown County v. Edward C.T.*, 218 Wis. 2d 160, 161, 579 N.W.2d 293 (Ct. App. 1998) (per curiam) (holding that

appellate counsel may file no-merit reports in appeals from terminations of parental rights, but further holding that briefing deadlines in Rule 809.32 do not apply).[3] We view cases where the circuit court appointed appellate counsel as one such type of litigation.

¶ 10. Accordingly, we hold that Brown and other indigent criminal defendants with court-appointed appellate lawyers may pursue appellate review in the court of appeals using the procedures in Wis. Stat. Rule 809.32 when appellate counsel concludes that an appeal would lack arguable merit. To the extent that the procedural posture of any particular defendant's case hampers compliance with the statutory deadlines or other requirements contained in the Rule, counsel may move this court for appropriate relief.[4] *See* Wis. Stat. Rules 809.14, 809.82.

*By the Court.*—Motion to file a no-merit report granted.

---

[3] The supreme court codified the holding in *Brown County v. Edward C.T.*, 218 Wis. 2d 160, 579 N.W.2d 293 (Ct. App. 1998) (per curiam). *See* S. Ct. Order, 2001 WI 39 (eff. July 1, 2001) (creating Wis. Stat. Rule 809.107(5m)).

[4] Appellate counsel's motion to establish a deadline for filing a no-merit report in this matter will be addressed in a separate order.